## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEFAN GERNETH and AMY AUSTRA-GERNETH,<br>                    Plaintiffs,<br><br>                    v.<br><br>EAST UNION TOWNSHIP and DONALD G. KARPOWICH,<br>                    Defendants. | Civil Action No. 3:25-CV-00815-KM<br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT DONALD G. KARPOWICH'S MOTION TO DISMISS

Co-Defendant, Solicitor Donald G. Karpowich ("Karpowich"), moves at ECF No. 24 to dismiss under Fed. R. Civ. P. 12(b)(6) and invokes dicta under <u>Monell v. Dep.'t of Soc. Servs.</u>, 436 U.S. 658 (1978) that *actions for damages* against a municipal official "***generally*** represent only another way of pleading an action against an entity of which an officer is an agent," and suable in the name of the local government entity. <u>Id.</u> at 690 n.55 (emphasis added). Karpowich argues that, because he acted in his official capacity as solicitor, the claims against him are duplicative of Plaintiffs' claims against the other Defendant, East Union Township. For the reasons that follow, these arguments fail.

First, under the facts and circumstances of this case, Karpowich's defense is *unripe* and Plaintiffs are irrevocably prejudiced by Karpowich raising this defense by way of pre-Answer motion rather than by answering the Complaint, *admitting*

1

*that he acted in his official capacity*, and then afterwards moving for judgment on the pleadings, Fed. R. Civ. P. 12(c) or for summary judgment, Fed. R. Civ. P. 56. "Various concerns underpin" the doctrine of ripeness, "including whether the parties are in a sufficiently adversarial posture, whether the facts of the case are sufficiently developed, and whether a party is genuinely aggrieved." <u>Plains All Am. Pipeline L.P. v. Cook</u>, 866 F.3d 534, 539 (3d Cir. 2017) (quotation omitted). The Supreme Court has articulated two principles for ripeness (1) "the fitness of the issues for judicial decision" and (2) "the hardship to the parties of withholding consideration." <u>Id.</u> (quoting <u>Abbott Laboratories v. Gardner</u>, 387 U.S. 136, 149 (1967)).

Here, the fitness of this issue for judicial decision is lacking because the Defendants have thus far not admitted before this Court whether Karpowich acted in his official capacity or not, whether by way of Answer or by testifying during the preliminary injunction hearing. Yes, the Complaint alleges that Karpowich acted in his official capacity. [Compl. ¶ 32]. But that is a *question of fact* which has not yet been admitted by defendants East Union Township and Karpowich who are differently situated and have signaled they're likely to take inconsistent positions in this litigation.

The U.S. Supreme Court, and the U.S. Court of Appeals for the Third Circuit, both agree that whether a person acted in their official capacity or personal capacity are "fact-specific" questions. <u>Anderson v. Crighton</u>, 483 U.S. 635, 641 (1987); <u>see</u>

also, <u>Wetzel v. Tucker</u>, 139 F.3d 380, 383-84 (3d Cir. 1998) ("The character of this inquiry is inherently fact-specific in that it requires a court to examine the nature of the responsibilities of the particular job at issue."). Several judges in our Circuit held that redundancy of claims, standing alone, is not a proper basis for a Rule 12(b) dismissal. <u>Conner v. Borough of Eddystone</u>, 2015 U.S. Dist. LEXIS 28221, at *5 (E.D. Pa. Mar. 6, 2015) (Pappert, *J.*); <u>Capresecco v. Jenkintown Borough</u>, 261 F. Supp. 2d 319, 322 (E.D. Pa. 2003) (Rufe, *J.*). That is because "a rule 12(b)(6) motion does not address the redundancy of claims; it questions only their validity. Redundant claims may all be valid." <u>Coffman v. Wilson Police Dep.'t</u>, 739 F. Supp. 257, 262 (E.D. Pa. 1990) (Cahn, *J.*). Dismissal on the basis of redundant or duplicative claims "is by no means a requirement," therefore, but committed to the discretion of the Court. <u>Redclift v. Schuylkill County</u>, 2022 U.S. Dist. LEXIS 157697 at *13 (M.D. Pa. Aug. 31, 2022) (Arbuckle, *J.*); <u>Fetters v. Mearkel</u>, 2016 U.S. Dist. LEXIS 198403 at *19 (M.D. Pa. Jan. 11, 2016) (Jones, *J.*) (same). Therefore, in this case Karpowich should remain a party until, at the very least, East Union Township makes an election of defenses whether it will admit Karpowich acted in his official capacity or not. Dismissal at this stage is unripe and not fit for judicial decision by way of pre-Answer motion.

The Court may notice that Attorney Drew P. McLaughlin withdrew his appearance for East Union Township [ECF No. 15] while continuing his

representation of Karpowich, thereby allowing the Township to take defenses *inconsistent with* Karpowich, namely, asserting that he wasn't acting in his official capacity and therefore the Township was not liable for him. Consequently, unless both Defendants will admit in the pleadings or during discovery that Karpowich was acting in his official capacity, then Plaintiffs are irrevocably prejudiced by a premature dismissal of Karpowich coupled with a case scheduling order that would prevent Plaintiffs from bringing Karpowich back into the case after fact-development in discovery. Accordingly, this defense is unripe.

Second, Karpowich's contention that the claims against him are redundant with the Township is simply incorrect because Karpowich and East Union Township have significantly different and perhaps inconsistent defenses on the merits. "[D]istrict courts in this Circuit have declined to dismiss the official capacity claims as redundant," if serving "no laudable purpose." M.S. v. Susquehanna Township Sch. Dist., 43 F. Supp. 3d 412, 419 (M.D. Pa. 2014) (Kane, *J.*) (citing Capresecco, 261 F. Supp. 2d at 322). That includes whether, by reason of personal involvement in the constitutional deprivation, the defendant-official likely has to answer for individual capacity claims. Id. The instant case presents the Court with another exception: Different and inconsistent defenses among the co-defendants, even within their official capacity, which may thwart the ability of Plaintiffs to obtain full, fair, and complete relief unless Karpowich is kept in the case. Federal courts, as shown

below, recognize that municipal officers and employees can be joined in their official capacity where injunctions are sought in order to ensure full, fair, and complete redress against ongoing constitutional harms. In that instance, official-capacity claims are not redundant or duplicative if the municipality has defenses under Monell separate from such officers or employees.

Monell presents a limited immunity-related defense to East Union Township *only*, but not to Karpowich in his official capacity, that is to say, whether Karpowich was acting under a policy of the Township or whether Karpowich himself was a policymaker. McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005). Even in his official capacity, Karpowich cannot invoke this defense: "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986) (emphasis in original). In allowing Monell to be available for municipalities only where prospective relief is sought, the Supreme Court cautioned that it will revisit any case if the application in equity "will leave some set of ongoing constitutional violations beyond redress." Los Angeles County v. Humphries, 562 U.S. 29, 38 (2010).

Such injustice will occur here: (1) Karpowich asks to be dismissed under a fiction of redundancy and (2) East Union Township then asks to be dismissed,

asserting that Karpowich was not acting in his official capacity or that he did but there was no "policy" adopted by the Township — thereby making everyone judgment-proof for ongoing constitutional violations. The dicta in <u>Monell</u> that official-capacity suits "***generally*** represent only another way of pleading an action" against a municipality, <u>Monell</u>, 436 U.S. at 690 n.55 (emphasis added), did not create an absolute rule but a generality subject to exceptions. Redundant suits are possible as applied to claims for monetary damages, but not for prospective declaratory and injunctive relief: "We see no reason why a municipality and its employees may not be enjoined from acting in violation of those rights." <u>Dailey v. Lawton</u>, 425 F.2d 1037, 1039 (10th Cir. 1970); <u>Harkless v. Sweeny Indep. Sch. Dist.</u>, 427 F.2d 319, 323 (5th Cir. 1970) (same), <u>followed</u>, <u>Adams v. School Board</u>, 53 F.R.D. 267, 269 (M.D. Pa. 1971); <u>Fireman's Fund Ins. v. City of Lodi</u>, 302 F.2d 928, 957 & n.28 (9th Cir. 2002) (reversing the trial court's dismissal of official capacity claims against municipal officers) (trial court erred for concluding the claims were "duplicative" against the City); <u>Schnell v. Chicago</u>, 407 F.2d 1084, 1086 (7th Cir. 1960) (same).

The Court may further analogize to immunity-related defenses in general. A "state official who is acting in violation of the United States Constitution can be sued for prospective equitable relief." <u>C.H. v. Oliva</u>, 226 F.3d 198, 202 (3d Cir. 2000) (citing <u>Ex parte Young</u>, 209 U.S. 123 (1908)). In <u>Ex parte Young</u>, which was a sovereign immunity question, "a suit against individuals for the purpose of

preventing them as officers of a State" from enforcing an unconstitutional law or from taking an unconstitutional action, "is not a suit against the State . . ." 209 U.S. at 154. That can be analogized to <u>Monell</u>: Prospective declaratory and injunctive relief against a municipal officer *is not a suit against the municipality* and, therefore, not redundant with or duplicative of claims against the municipality because municipal officers may be directly liable while the municipality is not.

Liability has to exist somewhere, or else constitutional rights will devolve into "a mere shadow of freedom," i.e., trivial distinctions for the benefit of wrongdoers. <u>West Virginia State Bd. of Educ. v. Barnette</u>, 319 U.S. 624, 642 (1943).

Consequently, the takeaway is that our prospective claims against Karpowich *are not redundant* with those against East Union Township. Here, Karpowich, invoking his authority as solicitor and seeking to retaliate against Plaintiffs, directed Officer Douglas Litwhiler of the East Union Township Police Department to obtain and execute a search warrant on the Plaintiffs' home under the Wiretapping and Electronic Surveillance Control Act ("WESCA"). [Compl. ¶¶ 26-31]. Consequently, whether or not East Union Township has a defense under <u>Monell</u>, Karpowich is separately liable in his official capacity for having "directed others to violate" plaintiffs' constitutional rights. <u>Baker v. Monroe Township</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995). "It is thus clear that § 1983 liability for an unlawful arrest," or an unlawful search, "can extend beyond the arresting officer to other officials whose

intentional actions set the arresting officer in motion." <u>Berg v. County of Allegheny</u>, 219 F.3d 261, 272 (3d Cir. 2000). Federal courts recognize that a defendant can be liable for constitutional violations, even if he did not physically participate in the arrest or deprivation, "when the person 'instigates'" the same. <u>O'Hara v. Hanley</u>, 2009 U.S. Dist. LEXIS 57824, at *16 (W.D. Pa. July 8, 2009) (collecting cases); <u>Hof v. Janci</u>, 2018 U.S. Dist. LEXIS 203729, at *17 (D. N.J. Dec. 3, 2018) (same), or "approved" another officer's "initiation" of the action against the plaintiff, <u>Kovalev v. City of Philadelphia</u>, 2017 U.S. Dist. LEXIS 27576, at *18 (E.D. Pa. Feb. 28, 2017).

 As alleged in the Complaint, Karpowich's conduct satisfies the foregoing standards. Thus, we have an independent basis for Karpowich to remain a party in this case, and the claims against him are not duplicative because East Union Township has affirmative defenses which Karpowich does not even in his official capacity.

 Finally, if the Court finds a basis to dismiss Karpowich, the dismissal cannot be with prejudice. Courts should grant leave to amend the pleadings "when justice so requires." Fed. R. Civ. P. 15(a). "Complaints need not anticipate defenses and attempt to defeat them." <u>Richards v. Mitcheff</u>, 696 F.3d 635, 637 (7th Cir. 2012) (citing <u>Gomez v. Toledo</u>, 446 U.S. 635, 641 (1980)). District courts will be reversed on appeal if granting a dismissal with prejudice and "where the plaintiff had been

given no opportunity to amend its complaint and would not have been given an opportunity to amend in the future." United States ex rel. Customs Fraud Investigators, LLC v. Victaulic Co., 839 F.3d 242, 252 (3d Cir. 2016). Dismissal with prejudice requires a showing of futility. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). It's well-settled that pleadings may raise additional claims "regardless of consistency." Fed. R. Civ. P. 8(d)(3).

As mentioned, Karpowich, seeking to retaliate against Plaintiffs, directed Officer Douglas Litwhiler of the East Union Township Police Department to obtain and execute a search warrant on the Plaintiffs' home under the Wiretapping and Electronic Surveillance Control Act ("WESCA"). [Compl. ¶¶ 26-31]. If East Union Township wants to allege that Karpowich acted in his personal capacity, then Plaintiffs can amend the Complaint to allege that Karpowich, in his personal capacity, conspired with East Union Township to produce the harm. Moreover, Karpowich is liable for having "directed others to violate" plaintiffs' constitutional rights. Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995). "It is thus clear that § 1983 liability for an unlawful arrest," or an unlawful search, "can extend beyond the arresting officer to other officials whose intentional actions set the arresting officer in motion." Berg v. County of Allegheny, 219 F.3d 261, 272 (3d Cir. 2000). Federal courts recognize that a defendant can be liable for constitutional violations, even if he did not physically participate in the arrest or deprivation, "when

the person 'instigates'" the same. <u>O'Hara v. Hanley</u>, 2009 U.S. Dist. LEXIS 57824, at *16 (W.D. Pa. July 8, 2009) (collecting cases); <u>Hof v. Janci</u>, 2018 U.S. Dist. LEXIS 203729, at *17 (D. N.J. Dec. 3, 2018) (same), or "approved" another officer's "initiation" of the action against the plaintiff, <u>Kovalev v. City of Philadelphia</u>, 2017 U.S. Dist. LEXIS 27576, at *18 (E.D. Pa. Feb. 28, 2017). Additionally, Plaintiffs have good faith grounds to plead alternative and consistent theories of relief, including whether Karpowich did act in his personal capacity.

Accordingly, the Court should not dismiss at all and cannot dismiss with prejudice. **WHEREFORE**, for the foregoing reasons, the Motion at ECF No. 24 should be denied.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: July 15, 2025          By:     <u>Joel A. Ready</u>
                                              Joel A. Ready, Esquire
                                              I.D. # 321966
                                              8500 Allentown Pike, Suite 3
                                              Blandon, PA 19510
                                              (610) 926-7875